# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; and IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> ALPHA IRON LLC, an Illinois limited liability company; and RED BIRD MACHINERY REPAIR LLC, an Illinois limited liability company, <br><br> Defendants. | CASE NO.: 3:21-cv-1212 |

## COMPLAINT

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively referred to as "Plaintiffs" or the "Trust Funds"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, ALPHA IRON LLC ("Alpha Iron") and RED BIRD MACHINERY REPAIR LLC ("Red Bird") and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

1

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Defendants are located within the jurisdiction of the United States District Court, Southern District of Illinois, Benton Division.

3. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) in that a substantial part of the events or omissions giving rise to the Trust Funds' claims occurred in the Southern District of Illinois, Benton Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements with the various local unions that comprise the Iron Workers St. Louis District Council, and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

5. The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

6. Pursuant to 29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7. The Defendant Alpha Iron was an Illinois limited liability company with its principal place of business in Eldorado, Illinois.

8. The Defendant Red Bird is an Illinois limited liability company with its principal place of business in Eldorado, Illinois.

## FACTS COMMON TO ALL COUNTS

9. Alpha Iron was an employer engaged in an industry affecting commerce.

10. Alpha Iron was incorporated on or about May 11, 2015.

11. Alpha Iron agreed to be bound to a Collective Bargaining Agreement ("CBA") with Iron Workers Local No. 782 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 782").

12. Alpha Iron was also signatory to a Participation Agreement with the Trust Funds. (A copy of the Participation Agreement is attached hereto as **Exhibit 1**).

13. Pursuant to the provisions of the Participation Agreement, Alpha Iron agreed to be bound to the Trust Agreements which created the Trust Funds.

14. Pursuant to the Trust Agreements, the Trust Funds adopted an Audit and Collection Policy and Procedures ("Audit and Collection Policy"), which governs the collection of employer contributions and payroll compliance audits. (A copy of the Audit and Collection Policy is attached hereto as **Exhibit 2**).

15. Pursuant to the provisions of the Participation Agreements with the Trust Funds, Alpha Iron further agreed to pay contributions to the Trust Funds on behalf of its Iron Worker employees, in conformance with the terms and provisions of the then current CBA of the Iron Workers Local Union within whose territorial jurisdiction it performed work.

16. Pursuant to the CBA, Trust Agreements, and Audit and Collection Policy, Alpha Iron was required to submit contribution reports and associated payments to the Trust Funds for each hour that its employees performed bargaining-unit work (hereinafter referred to as "Contribution Reports").

17. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA, Trust Agreements, and Audit and Collection Policy, employers who fail to submit their Contribution Reports and/or contributions to the Trust Funds in a timely fashion are responsible for the payment of liquidated damages, interest, and reasonable attorneys' fees and costs associated with

collecting the delinquent contributions.

18. Alpha Iron was dissolved on or about March 8, 2021.

19. Red Bird is an employer engaged in an industry affecting commerce.

20. Red Bird was incorporated on or about July 6, 2011.

21. Red Bird is a non-union company.

## COUNT I
## ALTER-EGO LIABILITY – RED BIRD MACHINERY REPAIR LLC

22. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint with the same force and effect as if fully set forth herein.

23. Erik Burtis was a Manager of Alpha Iron and is a current Manager of Red Bird.

24. James Hayes was a Manager of Alpha Iron and is a current Manager of Red Bird.

25. Upon information and belief, Alpha Iron and Red Bird simultaneously operated out of the building located at 1410 US 45 N., Eldorado, Illinois 62930.

26. Alpha Iron and Red Bird simultaneously utilized P.O. Box 368 located in Eldorado, Illinois 62930.

27. Upon information and belief, prior to Alpha Iron's dissolution, Alpha Iron and Red Bird had commingled assets.

28. Prior to Alpha Iron's dissolution, it simultaneously utilized the phone number (618) 273-2222 with Red Bird.

29. Red Bird currently utilizes the same telephone number that was used by Alpha Iron before it ceased business operations.

30. Upon information and belief, Red Bird employs some of the same employees that were employed by Alpha Iron.

31. In addition, Red Bird has employed at least two (2) out-of-state iron workers to work within

the trade and territorial jurisdiction of local unions that make up the Iron Workers St. Louis District Council.

32. Employees of Red Bird perform work covered by the CBA of Local 782 and which requires contributions to the Trust Funds.

33. Red Bird employs iron workers within the jurisdiction of the Iron Workers St. Louis District Council so that Alpha Iron may avoid the payment of wages and benefits required to be paid under the terms of the CBA and Trust Agreements.

34. But for its dissolution in March 2021, Alpha Iron would have an ongoing obligation to contribute to the Trust Funds pursuant to the Local 782 CBA, Participation Agreement, and Trust Agreements.

35. Recognition of Alpha Iron and Red Bird as separate entities would sanction a fraud or promote injustice in that Alpha Iron would be permitted to escape its contractual and financial obligations to the Plaintiffs.

36. Red Bird is the alter-ego of Alpha Iron and is directly liable for the contractual and financial obligations of Alpha Iron, including Alpha Iron's continuing obligation to contribute to the Trust Funds on behalf of its employees working in the trade and territorial jurisdiction of the Iron Workers St. Louis District Council.

37. Red Bird refuses to comply with a payroll compliance audit and pay contributions on behalf of its bargaining-unit employees.

38. Alpha Iron and Red Bird are obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit.

39. Alpha Iron and Red Bird are obligated to pay the audit fees incurred by the Trust Funds pursuant to the Audit and Collection Policy.

40. Plaintiffs have been required to employ the undersigned counsel to compel Red Bird to comply with the payroll compliance audit and to collect the monies that are due and owing from Alpha Iron and Red Bird, and to enforce the ongoing contractual obligations of Alpha Iron and Red Bird.

41. Plaintiffs have complied with all conditions precedent in bringing this suit.

42. Alpha Iron and Red Bird are obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That this Honorable Court enter an order holding that Red Bird is the alter-ego of Alpha Iron;

B. That this Honorable Court enter an order holding that Red Bird is bound to the terms of Alpha Iron's CBA with Local 782;

C. That this Honorable Court enter an order holding that Defendant Red Bird is bound to the terms of Alpha Iron's Participation Agreement with the Trust Funds;

D. That this Honorable Court enter an order holding that Red Bird is bound to the terms of the Trust Funds' respective Trust Agreements;

E. That this Honorable Court enter an order holding that through the CBA and Trust Agreements, Red Bird is required to contribute to the Trust Funds for each hour worked by its employees within the trade and territorial jurisdiction of the Iron Workers St. Louis District Council;

F. That this Honorable Court enter an order requiring Red Bird to submit to a payroll compliance audit for the period of November 1, 2017, through present to determine the full

amount of liabilities to the Plaintiffs;

G. That Judgment be entered in favor of Plaintiffs and against Defendants Alpha Iron and Red Bird, jointly and severally, for any other contributions, liquidated damages, interest, and/or audit fees found to be due and owing pursuant to the Audit and Collection Policy;

H. That Defendants Alpha Iron and Red Bird be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

I. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendants Alpha Iron and Red Bird's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## SINGLE EMPLOYER LIABILITY – RED BIRD MACHINERY REPAIR LLC

43. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-42 of this Complaint with the same force and effect as if fully set forth herein.

44. Erik Burtis was a Manager of Alpha Iron and is a current Manager of Red Bird.

45. James Hayes was a Manager of Alpha Iron and is a current Manager of Red Bird.

46. Upon information and belief, Alpha Iron and Red Bird simultaneously operated out of the building located at 1410 US 45 N., Eldorado, Illinois 62930.

47. Alpha Iron and Red Bird simultaneously utilized P.O. Box 368 located in Eldorado, Illinois 62930.

48. Prior to Alpha Iron's dissolution, it simultaneously utilized the phone number (618) 273-2222 with Red Bird.

49. Red Bird currently utilizes the telephone number that was used by Alpha Iron before it ceased business operations.

50. Upon information and belief, Red Bird employs some of the same employees that were

employed by Alpha Iron.

51. But for its dissolution in March 2021, Alpha Iron would have an ongoing obligation to contribute to the Trust Funds pursuant to the Local 782 CBA, Participation Agreement, and Trust Agreements.

52. Recognition of Alpha Iron and Red Bird as separate entities would sanction a fraud or promote injustice in that Red Bird would be permitted to escape its contractual and financial obligations to the Plaintiffs.

53. Alpha Iron and Red Bird operate a double-breasted operation wherein Alpha Iron is the union shop and Red Bird is the non-union shop.

54. Alpha Iron and Red Bird are a "single employer" for the purposes of determining employees' fringe benefit contributions in that they share an interrelation of operations, common management, and centralized control over labor relations.

55. Red Bird refuses to comply with a payroll compliance audit and pay contributions on behalf of its bargaining-unit employees.

56. Alpha Iron and Red Bird are obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit.

57. Alpha Iron and Red Bird are obligated to pay the audit fees incurred by the Trust Funds pursuant to the Audit and Collection Policy.

58. Plaintiffs have been required to employ the undersigned counsel to compel Red Bird to comply with the payroll compliance audit and to collect the monies that are due and owing from Alpha Iron and Red Bird.

59. Plaintiffs have complied with all conditions precedent in bringing this suit.

60. Alpha Iron and Red Bird are obligated to pay the reasonable attorneys' fees and court costs

incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an order holding that Red Bird constitutes a single employer with Alpha Iron;

B. That this Honorable Court enter an order holding that Red Bird is bound to the terms of Alpha Iron's CBA with Local 782;

C. That this Honorable Court enter an order holding that Defendant Red Bird is bound to the terms of Alpha Iron's Participation Agreement with the Trust Funds;

D. That this Honorable Court enter an order holding that Red Bird is bound to the terms of the Trust Funds' respective Trust Agreements;

E. That this Honorable Court enter an order holding that through the CBA and Trust Agreements, Red Bird is required to contribute to the Trust Funds for each hour worked by its employees within the trade and territorial jurisdiction of the Iron Workers St. Louis District Council;

F. That this Honorable Court enter an order requiring Red Bird to submit to a payroll compliance audit for the period of November 1, 2017, through present to determine the full amount of liabilities to the Plaintiffs;

G. That Judgment be entered in favor of Plaintiffs and against Defendants Alpha Iron and Red Bird, jointly and severally, for any other contributions, liquidated damages, interest, and/or audit fees found to be due and owing pursuant to the Audit and Collection Policy;

H. That Defendants Alpha Iron and Red Bird be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C.

§ 1132(g)(2)(D); and

I. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendants Alpha Iron and Red Bird's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

    Respectfully Submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

/s/ William M. Blumthal, Jr.
*One of Plaintiffs' Attorneys*

William M. Blumthal, Jr.
Bar No. 6281041IL
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
blumthal@johnsonkrol.com