IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ALPHA IRON LLC et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:21-cv-1212-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on the parties' Stipulation for Entry of a Consent Decree. For the following reasons, the request is **DENIED** without prejudice.

There are three common ways for parties to end litigation when a settlement is reached: (1) a notice or stipulation of dismissal filed in accord with Federal Rule of Civil Procedure 41; (2) offer and acceptance pursuant to Federal Rule of Civil Procedure 68(a); or (3) a consent decree that complies with the requirements of Federal Rule of Civil Procedure 65(d).

In the instant case, the parties have reached a settlement and request that the Court enter a consent decree. While a stipulated dismissal under Rule 41(a) is an agreement by the parties ending the litigation, a consent decree is a discretionary exercise by the court which sets out the terms of the parties' settlement agreement and may be enforced by the

court.[1] *See* United States v. Alshabkhoun, 277 F.3d 930, 934 (7th Cir. 2002) (a consent decree "is a court order that embodies the terms agreed upon by the parties as a compromise to litigation"). A consent decree may be granted by the Court if the judgment is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources. *See* Kasper v. Bd. Of Election Comm'rs of the City of Chi.,, 814 F.2d 332, 338 (7th Cir. 1987). In addition, because a consent decree functions as an injunction, it must comply with the requirements of Federal Rule of Civil Procedure 65(d). *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377-82 (1994); Blue Cross & Blue Shield Ass'n, 467 F.3d at 636 (explaining that a court order entering judgment to enforce the parties' settlement agreement is an injunction and must satisfy Rule **65**(d)); Accordingly, as is relevant here, the parties must include all the settlement terms explicitly in the text of the proposed consent decree. *See* Fed. R. Civ. P. 65(d) (an injunction must "state its terms specifically; and describe in reasonable detail –and not by referring to the complaint or other document – the act or acts restrained or required."); *Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006) (explaining that **Rule 65**(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents").

Here, the proposed consent decree does not comply with Rule 65(d). First, the proposed decree states that Defendants are jointly and severally liable in the amount of

---

[1] The Seventh Circuit has repeatedly indicated that the only way for a federal court to have jurisdiction to enforce a settlement agreement after dismissal is to embody the settlement agreement in a consent decree. In that instance, a federal court has inherent power to enforce a litigation ending injunction by means of its contempt powers. *See e.g.*, *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007); *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); *Lynch v. Samatamason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002).

$89,463.48. However, it fails to provide any additional information. A sufficiently specific consent decree should detail when and how the judgment will be satisfied. *See e.g., Employers & Cement Masons #90 Health & Welfare Fund v. Employers and Cement Masons #90 Pension Fund*, Case No. 15-cv-179-JPG Doc. 32-1 (specifying, among other things, that defendant must pay the Plaintiffs the sum of $9,544.21 over an 18 month period by making 18 monthly payments to the Plaintiffs, with the first of the 18 payments due on or before October 1, 2018, and each subsequent payment due on or before the 1st day of each month). The proposed consent decree is also problematic because it references materials in other documents (the collective bargaining agreement and certain trust agreements). To the extent that the parties intend for the operative terms of these documents to be enforceable through a consent decree, all such terms must be included in the proposed Consent Order and Decree.

Thus, the Court **DENIES WITHOUT PREJUDICE** the parties' Stipulation for Entry of a Consent Decree (Doc. 25). The parties are granted leave to (1) file a renewed motion or stipulation for entry of a consent decree that complies with [Rule 65(d)](#); (2) file a status report with the Court; or (3) otherwise proceed in another manner as deemed appropriate by the attorneys. The Parties are **ORDERED** to make their next filing in this matter on or before August 12, 2022.

**SO ORDERED.**

Dated: July 27, 2022

DAVID W. DUGAN
United States District Judge

3