IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST et al., ) ) ) ) | |
| Plaintiffs, ) | Case No. 3:21-cv-1212-DWD |
| ) vs. ) ) | |
| ALPHA IRON LLC et al., ) ) | |
| Defendants. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on the parties' Joint Motion for Entry of Dismissal with the Court to Retain Jurisdiction to Enforce the Terms of the Parties' Settlement Agreement (Doc. 29). For the following reasons, the request is **DENIED** without prejudice.

This is the second time the parties have asked the Court to enter a stipulated consent decree. The prior request was denied without prejudice because the proposed consent decree did not comply with Rule 65(d). In so holding, the Court explained as follows:

> First, the proposed decree states that Defendants are jointly and severally liable in the amount of $89,463.48. However, it fails to provide any additional information. A sufficiently specific consent decree should detail when and how the judgment will be satisfied. *See e.g.*, *Employers & Cement Masons #90 Health & Welfare Fund v. Employers and Cement Masons #90 Pension Fund*, Case No. 15-cv-179-JPG Doc. 32-1 (specifying, among other things, that defendant must pay the Plaintiffs the sum of $9,544.21 over an 18 month period by making 18 monthly payments to the Plaintiffs, with the first of the 18 payments due on or before October 1, 2018, and each

>subsequent payment due on or before the 1st day of each month). The proposed consent decree is also problematic because it references materials in other documents (the collective bargaining agreement and certain trust agreements). To the extent that the parties intend for the operative terms of these documents to be enforceable through a consent decree, all such terms must be included in the proposed Consent Order and Decree.

(Doc. 26).

The parties' revised motion indicates that the parties reached a Settlement Agreement in August 2022. The motion further indicates that, pursuant to the settlement agreement, Defendants are obligated to "pay an initial installment to the Plaintiffs by September 15, 2022, followed by monthly installments to the Plaintiffs for a period of twenty-four (24) months, with the final installment due on September 15, 2024." (Doc. 29). The parties ask the Court to dismiss the case without prejudice and to retain jurisdiction to enforce "certain terms of the Settlement Agreement." This is insufficient.

As previously explained by the Court, the parties must include the settlement terms explicitly in the text of the proposed consent decree. *See* Fed. R. Civ. P. 65(d) (an injunction must "state its terms specifically; and describe in reasonable detail –and not by referring to the complaint or other document – the act or acts restrained or required."); Dupuy v. Samuels, 465 F.3d 757, 758 (7th Cir. 2006) (explaining that Rule 65(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents").

The instant motion indicates that Defendants are obligated to pay Plaintiffs, but it

2

does not specify the total amount owed.[1] Additionally, it does not specify the amount due in the initial installment or in the subsequent monthly installments. Absent such information, the proposed consent decree does not meet the requirements of Rule 65(d). Finally, the Court cannot retain jurisdiction to enforce "certain terms" of the parties' settlement agreement. Accordingly, the motion is denied without prejudice.

The parties are granted leave to (1) file a renewed motion or stipulation for entry of a consent decree that complies with Rule 65(d); (2) file a status report with the Court; or (3) otherwise proceed in another manner as deemed appropriate by the attorneys. The Parties are **ORDERED** to make their next filing in this matter on or before September 14, 2022.

**SO ORDERED.**

Dated: September 8, 2022

DAVID W. DUGAN
United States District Judge

---

[1] The earlier filed motion indicated that Defendants are jointly and severally liable in the amount of $89,463.48.